The bill states that, at the date of this assignment, Dockray was indebted to the plaintiff in the sum of nine hundred and forty-two dollars and twenty-seven cents; and that the plaintiff, on the 27th of October, the last day in which creditors were allowed to come in under the assignment, called upon Edward H. Hazard, and was told that no one had come in, and was shown a general discharge for the creditors, which was not signed by any one; that he then executed the discharge required and *Page 313 
was frequently told, on days subsequent to this, both by Hazard and Brown, that no one else had signed the discharge; notwithstanding which, the said Brown, with the privity of said Hazard, had collected and appropriated eleven hundred and eighty-six dollars and eighty-six cents, to the payment of his claim, specified in the second clause of the assignment. The bill prays that this sum may be made a charge upon the estate of the said John D. Brown, and that the defendants may be decreed to pay into court for the plaintiff or to him personally, so much of said sum as will pay his claim with interest.
The answer states, that the claim of John D. Brown, referred to in the second clause of the assignment, consisted of a check upon the Eagle Bank, of Providence, for one hundred and thirty dollars, dated June 22, 1847, and a note dated April 5th, 1847, for one thousand and fifty dollars and ten cents, due October 8th, 1847, signed by said Brown and used by Dockray, and for which he gave his receipt and promise to pay the same at maturity; that the assigned estate was sold at auction on the 23d of October, 1847, and on the same day, the said Brown was paid the amount due on said check, to wit, one hundred and thirty-two dollars and sixty-one cents, and wrote his receipt in full for the same on the back thereof; and on the same day, said Brown was paid on account of the note and to be endorsed thereon the sum of seven hundred and fifty-seven dollars, and on the 26th of October, 1847, the sum of two hundred and ninety-seven dollars and twenty-five cents, in full satisfaction of said note, and said sums were endorsed thereon in full discharge thereof, and said note and check were surrendered to said assignees as cancelled and discharged, and that the plaintiff at the time he signed the discharge, was made acquainted with these facts. The case was argued upon the pleadings and proofs. *Page 314